HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEMPHILL CHIROPRACTIC CLINIC, LLC,

    Plaintiff,

v.

MARYLAND CASUALTY COMPANY,

    Defendant.

CASE NO. C08-1365RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion of Plaintiff Hemphill Chiropractic Clinic, LLC ("HCC") to remand this action to King County Superior Court (Dkt. # 10). For the reasons stated herein, the court DENIES the motion, but directs Plaintiff to provide additional information to assess jurisdiction.

## II. BACKGROUND

HCC sued Maryland Casualty Company ("MCC") in King County Superior Court, alleging that MCC, its property insurer, had underpaid it on a claim for losses caused by a fire. HCC's complaint did not state the amount of damages it was seeking, but claimed, among other things, the right to recover treble damages for wrongful claim denial. *See* RCW 48.30.015(2).

ORDER – 1

MCC removed the action to this court, asserting subject matter jurisdiction under the diversity jurisdiction provisions of 28 U.S.C. § 1332(a), which require complete diversity of citizenship between all plaintiffs and all defendants, and an amount in controversy exceeding $75,000. MCC asserted that it was a citizen of Maryland and Illinois, and that HCC was a citizen of Washington. Jane Yeager, the MCC claims adjuster responsible for HCC's claim, provided a declaration that she "understood" MCC to be seeking an additional payment on its claim in excess of the jurisdictional minimum of $75,000.

HCC filed a motion to remand the case, challenging only the amount in controversy. HCC provided no evidence regarding the amount in controversy, but asserted that MCC bore the burden to prove that it exceeded $75,000.

After receiving the motion, counsel for MCC asked counsel for HCC to confirm that HCC's claim was for less than $75,000. Anders Decl., Ex. A ("Since your client was seeking more than $75,000 in additional claim which was not paid by [MCC], it is our understanding that the claim exceeds the jurisdictional limit. Are we wrong?"). HCC's counsel declined to answer MCC's questions, but stated that he had "authority to settle all claims right now for $75,000," but that the offer would expire on receipt of HCC's opposition to this motion. *Id.* MCC reiterated its question as to the amount in controversy, and HCC's counsel again declined to answer. *Id.* Counsel again asserted that HCC bore the burden of proving the amount in controversy.

### III. ANALYSIS

HCC's motion is exemplary of pointless legal gamesmanship. In HCC's view, it is appropriate to seek remand by refusing to provide information as to the amount in controversy and then relying on the defendant's supposed inability to demonstrate that the plaintiff seeks more than the jurisdictional minimum. HCC is wrong on all counts. Its refusal to provide information on the amount in controversy is professionally inappropriate at best, and sanctionable at worst. Moreover, its refusal to provide

ORDER – 2

information is itself evidence that the amount in controversy exceeds $75,000. Even putting this evidence aside, there is ample evidence in the record that the amount in controversy exceeds the jurisdictional minimum.

HCC starts in the right place by observing that a defendant who removes a case based on diversity jurisdiction bears the burden of proof, by a preponderance of evidence, that the amount-in-controversy exceeds $75,000. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). MCC met that standard even before it responded to this motion. Ms. Yeager provided a declaration that MCC had already paid over $100,000 on the claim, and that she understood HCC to be seeking an additional amount in excess of $75,000. Yeager Decl. ¶ 3. Ms. Yeager provided no details explaining how she arrived at this understanding, but there is no question that as the claims adjuster who handled MCC's claim, she is competent to come to such an understanding. At the time MCC removed this action, the only evidence bearing on the amount-in-controversy was her declaration. Absent contradictory evidence from HCC, MCC satisfied its burden.

HCC ignores Ms. Yeager's declaration, criticizing its lack of specificity. That criticism is empty without evidence to support it. There is no evidence that the amount in controversy is less than $75,000. Indeed, there is no evidence that HCC even has a good faith basis to take the position that the amount in controversy is less than $75,000. Rather than provide evidence to dispute the amount in controversy, HCC insists that MCC has not satisfied its burden. HCC is wrong, as the court has already explained, but even assuming *arguendo* that Ms. Yeager's declaration was inadequate, HCC subsequently provided more evidence of a jurisdictionally sufficient amount in controversy, and did so while engaging in questionable (to put it charitably) litigation conduct.

MCC was surprised to receive the instant motion for remand, and thought that it perhaps indicated that HCC was seeking less than $75,000. Counsel for MCC wrote to counsel for HCC, inquiring about the issue. Counsel for HCC refused to answer the question. MCC could have forced him to answer the question by propounding discovery

ORDER – 3

as to the amount HCC was seeking, *see Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir.2006) (noting the availability of discovery to assess amount in controversy), but MCC should not have needed to take the formal approach. HCC's counsel's conduct smacks of gamesmanship. It is unprofessional at best, and a violation of his obligation not to unreasonably and vexatiously multiply proceedings in litigation at worst. *See* 28 U.S.C. § 1927. Indeed, if counsel had no reasonable basis to believe that the amount in controversy was less than $75,000, his decision to file this motion was a violation of Fed. R. Civ. P. 11.

Moreover, HCC's counsel's refusal to answer MCC's questions about the amount in controversy is itself evidence that the amount exceeds $75,000. Counsel serves as his client's agent, and his refusal to respond to the question raises the inference that the answer would be unfavorable to his client's position. *See United States v. Solano-Godines*, 120 F.3d 957, 962 (9th Cir. 1997) (noting that adverse inferences from a party's silence are appropriate in civil cases).

In addition, while refusing to address the amount in controversy, HCC's counsel simultaneously made an expiring $75,000 settlement demand. Settlement demands are themselves probative evidence of the amount in controversy. *See Cohn*, 281 F.3d at 839-840 & n.1. Counsel stated he would settle for $75,000, but that the offer would expire if MCC opposed this motion. A reasonable inference from this evidence is that the amount in controversy is at least $75,000. *See Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("If plaintiffs are willing to settle the case for the sum of $70,000, then it follows *a fortiori* that plaintiffs would expect to receive considerably more than $70,000 at trial.").

The only evidence addressing the amount in controversy favors MCC's position that it exceeds $75,000. There is no evidence at all that the amount in controversy is less than the jurisdictional amount. MCC has met its burden to establish diversity jurisdiction by a preponderance of evidence.

ORDER – 4

HCC's decision to bring this motion is suspect. Again, there is simply no indication that HCC believes that the amount in controversy is below the jurisdictional amount. Absent that indication, this motion is an empty exercise. Forcing an opposing party to meet its burden of proof is wholly appropriate when the parties have a dispute over the underlying issue. Forcing an opposing party to meet its burden for the sport of it is gamesmanship, and has no place in this court.

## IV. CONCLUSION

For the reasons stated above, the court DENIES HCC's motion to remand (Dkt. # 10). In addition, the court orders HCC to provide a declaration by October 24, 2008 regarding the domicile of its members. Limited liability companies are citizens of every state in which its members are domiciled. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). HCC shall provide this information so that the court can determine if the parties in this case are completely diverse.

DATED this 17th day of October, 2008.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5